UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN SCOTELLO,
BENJAMIN BROOKS,
and AARON POIDEVIN,

    Plaintiffs,

v.                                  Case No. 8:18-cv-01811-JSM-AAS

EDWIN FRANCO,

    Defendant.
_____/

**ORDER**

Plaintiffs John Scotello, Benjamin Brooks, and Aaron Poidevin (collectively, the plaintiffs) move for a charging order against Defendant Edwin Franco's membership interest in these five companies: Viametris North America, LLC (Viametris); Wimauma Executive Management, LLC (Wimauma); Life Solutions Service, LLC (Life Solutions); The Turin Aviation Group, LLC (Turin Aviation); and Skyway Defense Industries, LLC (Skyway Defense). (Doc. 37). Mr. Franco opposes the motion. (Doc. 38).

The plaintiffs obtained a judgment against Mr. Franco for $52,593.85, plus interest at the statutory rate. The judgment has not been paid in full and the amount due is $32,658.60. The plaintiffs request that the court issue a

1

charging order against Mr. Franco's transferrable membership interest in Viametris, Wimauma, Life Solutions, Turin Aviation, and Skyway Defense.

Fed. R. Civ. P. 69(a)(1) provides that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located[.]" The Florida Limited Liability Company Act ("Florida LLC Act") governs a judgment creditor's levy or seizure of a judgment debtor's membership interest in an LLC. For a judgment creditor to create a lien on a judgment debtor's LLC interest – including any proceeds of it – Section 605.0503 of the Florida Statutes provides the judgment creditor's "sole and exclusive remedy" is to obtain a charging order or a charging order followed by a foreclosure sale.[1] The remedy "constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor." FLA. STAT.

---

[1] The Florida legislature amended the Florida LLC Act in 2013 "to clarify the exclusive remedies available to a judgment creditor as to a judgment debtor's interest in an LLC [as] a charging order, or a charging order followed by a foreclosure sale." *Regions Bank v. Hyman*, 2015 WL 1912251, at *7 (M.D. Fla. Apr. 27, 2015). The legislative amendment was enacted to overturn the Florida Supreme Court's decision in *Olmstead v. FTC*, 44 So. 3d 76, 80 (Fla. 2010), because that case allowed a judgment creditor to create a judgment lien against a single-member LLC either by charging order and foreclosure sale under the Florida LLC Act, or by filing a judgment lien certificate against personal property under Section 55.202 of the Florida Statutes. *See Regions Bank*, 2015 WL 1912251, at *7. The law now only permits liens against LLCs through a charging order or charging order and foreclosure sale. *Id.*

§ 605.0503(1). This concept is reiterated under Section 605.0502(2), where it states that "[a] transferee has the right to receive, in accordance with the transfer, distributions to which the transferor would otherwise be entitled." FLA. STAT. § 605.0503(2).

Section 605.0503(1) authorizes a court "to enter a charging order against a judgment debtor's transferable interest," and to require "an LLC to pay over to the judgment creditor any distribution that would otherwise be paid to the judgment debtor." *Kostoglou v. Fortuna*, 290 So. 3d 924, 925 (Fla. 4th DCA 2020) (citing *Panksy v. Barry S. Franklin & Assocs., P.A.*, 264 So. 3d 961, 962 (Fla. 4th DCA 2019)). When the limited liability company has only one member, the statute allows a court to order a foreclosure sale if a judgment creditor establishes that a charging order will not satisfy the judgment. FLA. STAT. § 605.0503(4). If a limited liability has more than one member then a judicial sale is not an available remedy. *Id.* § 605.0503(1).

Viametris was administratively dissolved by the State of Florida in 2018. (*See* Doc. 38, Ex. A). Likewise, Wimauma closed and never possessed assets or income. (*Id.*). As these companies are not operational, there is no transferable membership interest that a charging order can attach. Further, Life Solutions is solely owned by Laura Franco, Mr. Franco's non-debtor wife. (*See* Doc. 38, Ex. B). Mr. Franco has no ownership interest and owns no transferable

3

membership interest that a charging order can attach.

Turin Aviation and Skyway Defense are multi-member LLCs. Turin Aviation has two members, Mr. Franco and Sarah Gilbreath. (Doc. 38, Exs. A, C). Skyway Defense also has two members, Mr. Franco and Ms. Franco. (Doc. 38, Exs. A, B). Although the court may not order a foreclosure sale, the court may issue a charging order as to Mr. Franco's LLC interest in these LLCs, including any proceeds thereof. *See* FLA. STAT. § 605.0503 (providing that the judgment creditor's "sole and exclusive remedy" is to obtain a charging order); *see also See McClandon v. Dakem & Assocs., LLC*, 219 So. 3d 269, 271 (Fla. 5th DCA 2017) ("Under ...section 605.0503, the charging order entered by the court should have only directed the LLCs to divert [the debtor's] rights to the LLCs' profits and distributions to [the creditor]."); *Capstone Bank v. Perry-Clifton Enters., LLC*, 230 So. 3d 970, 971 (Fla. 1st DCA 2017) ("A charging order is a remedy that a creditor of a member in an LLC ... can receive from a court that instructs the entity to give the creditor any distributions that would otherwise be paid to the ... member from the entity.") (citation and quotation marks omitted).

Accordingly, the plaintiffs' motion for a charging order (Doc. 37) is **GRANTED in part and DENIED in part**. Edwin Franco's individual transferable interests in The Turin Aviation Group, LLC and Skyway Defense

Industries, LLC, are charged with payment of the $32,658.60, plus accrued interest. The Turin Aviation Group, LLC and Skyway Defense Industries LLC must report and distribute to counsel for the plaintiffs, Brandon Hill, Esq., Wenzel Fenton Cabassa, PA, 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602, all amounts that Mr. Franco is entitled or that become due or distributable to Mr. Franco and continue to do so until the judgment is satisfied, or further order of this court. Attorney Hill is directed to serve a copy of this charging order on Turin Aviation and Skyway Defense and file a notice of compliance.

**ORDERED** in Tampa, Florida on May 6, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge